```
                            United States Bankruptcy Court
                            Eastern District of Pennsylvania
```

In re:                                                              Case No. 17-10912-elf
Ernest Thompson                                                     Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: DonnaR              Page 1 of 1           Date Rcvd: Oct 31, 2017
                              Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 02, 2017.
db             +Ernest Thompson,    1926 North 61st Street,    Philadelphia, PA 19151-3519

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 02, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 31, 2017 at the address(es) listed below:
              MATTEO SAMUEL WEINER    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    BANK OF AMERICA, N.A bkgroup@kmllawgroup.com
              RICHARD F. WEINSTEIN    on behalf of Debtor Ernest   Thompson rfwlaw1@comcast.net
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                                TOTAL: 5

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Ernest Thompson aka Ernest Thompson, Jr.<br>Debtor | BK NO. 17-10912 ELF |
| BANK OF AMERICA, N.A.<br>Movant<br>vs.  | Chapter 13 |
| Ernest Thompson aka Ernest Thompson, Jr.<br>Respondent | Hearing Date: 10/31/2017 |

### STIPULATION AND ORDER RESOLVING OBJECTION OF BANK OF AMERICA, N.A. TO CONFIRMATION OF CHAPTER 13 PLAN AND DEBTOR'S INFORMAL OBJECTION TO PROOF OF CLAIM OF BANK OF AMERICA, N.A.

AND NOW, it is hereby stipulated and agreed by and between BANK OF AMERICA, N.A. (hereinafter "Secured Creditor") and Debtor Ernest Thompson (hereinafter "Debtor"), by and through their respective counsel, the undersigned:

WHEREAS, Secured Creditor filed a proof of claim (Claim No. 10) setting forth a secured claim based on a residential mortgage loan secured by a mortgage held by the Secured Creditor on Debtor's principal residence at 1926 North 61st Street, Philadelphia, PA 19151 ("the mortgaged property"),

WHEREAS, the aforesaid mortgage loan matured on June 1, 2016,

WHEREAS, the aforesaid loan had a contract rate of interest of 8.625%;

WHEREAS, Debtor has made an informal objection before the Court to the proof of claim of the Secured Creditor (Claim No. 10),

WHEREAS, Secured Creditor has filed an objection to the confirmation of Debtor's Chapter 13 Plan,

1.  The claim amount set forth in Secured Creditor's proof of claim of $48,094.69

shall be paid in full over the course of Debtor's Chapter 13 Plan, with interest at 8.625%, accruing monthly and amortized over the 60 months of the Plan.

2. The amount to be paid to the Secured Creditor on account of its aforesaid claim, at the aforesaid rate of interest, shall be **$59,378.16**, which equates to monthly Trustee payments of $998.64 over 60 months, less $0.24 (24 cents).

3. In addition to paying the aforesaid amounts, the Trustee shall also disburse to Secured Creditor **$1,150.00** toward the post-petition fees incurred in connection with is claim, which fees are set forth in the notice filed by the Secured Creditor pursuant to Rule 3002.1(c) on October 2, 2017.

4. The total combined amount to be paid and disbursed to the Secured Creditor under the Plan shall be **$60,528.16**.

5. Debtor's Chapter 13 Plan shall reflect the above payout figure of $60,528.16 to Secured Creditor.

6. As of October 25, 2017, and for the duration of Debtor's Chapter 13 bankruptcy, Debtor shall pay all property taxes and insurance on the mortgaged property directly, as the loan will no longer be treated as an escrowed loan by the Secured Creditor.

7. Debtor shall repay all post-petition escrow advances made by the Secured Creditor under the mortgage prior to October 25, 2017, less any post-petition payments made by the Debtor directly to the Secured Creditor that were received prior to said date.

8. If the Debtor does not maintain the property tax and insurance payments set forth in Paragraph 7, Secured Creditor may advance for these items and/or seek relief from the Court.

9. If the Secured Creditor makes any such payments toward property tax or insurance pursuant to Paragraph 8, Debtor shall have 30 days to cure said amounts following the mailing of a notice of default in writing to Debtor and Debtor's attorney.

10. If Debtor should fail to cure the within thirty (30) days of said notice, Movant may file a Certification of Default with the Court, upon which the Court shall enter an order granting relief from the automatic stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order.

11. Upon successful completion of all of the Plan payments, and Debtor's receipt of a discharge, the Secured Creditor's mortgage lien shall be released and extinguished, and Secured Creditor shall file a release of the lien with recorder of deeds.

Date: October 24, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant/Secured Creditor

Date: 10/24/17

Richard F. Weinstein, Esquire
Attorney for Debtor

# ORDER

The foregoing Stipulation is **APPROVED WITHOUT PREJUDICE** to the rights of any party in interest or the Chapter 13 Trustee with respect to confirmation of the Debtor's chapter 13 plan.

Date: 10/31/17

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**